UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN THOMAS SPURLOCK** | : | **DOCKET NO. 17-cv-277** |
| **BOP # 17866-045** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **AARON JONES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by pro se plaintiff John Thomas Spurlock ("Spurlock"), who is not proceeding in forma pauperis in this matter. Spurlock appears to have been released from federal custody, but was an inmate at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"), when the complained-of events occurred and at the time this suit was filed. Doc. 1; *see* doc. 4 (notice of change of address).

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Spurlock alleges that Medical Staff Nurse Phillips and Administrator Clint Sonnier, defendants in this matter and staff members at FCIO, altered and deleted medical records he had requested from January and February 2014. Doc. 1, p. 4. He maintains that these records "implicate several staff members" in denying him medical care, and that the failure of FCIO staff to properly diagnose and treat him after he had contracted H1N1 influenza led to near fatal complications. *Id.*

He also alleges that FCIO Health Services Administrator Johnson and Acting Warden Becky Clay "failed to supervise the collection, retention and release to [him of his] complete medical record without omission." *Id.* Spurlock names other FCIO staff as defendants, but does not allege any specific wrongdoing on their part. *See id.* at 2–4. In relief he seeks "actual and punitive damages" in the amount of $1,000,000. *Id.* at 4.

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Spurlock's claims are subject to screening under the Prison Litigation Reform Act. 28 U.S.C. § 1915A. Under that law, a district court is required to review any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee, regardless of whether he has paid the filing fee, and to dismiss same under § 1915A(b)(1) if the complaint is frivolous.[1] *Thompson v. Hayes*, 542 Fed. App'x 420, 420–21 (5th Cir. 2013). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). When determining whether a complaint is frivolous, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995).

#### B. *Bivens/42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*,

---

[1] This provision still applies to Spurlock, even if he is no longer incarcerated. Prisoner status, as it relates to the Prison Litigation Reform Act's screening provisions at 28 U.S.C. § 1915A, is governed by the petitioner's status at the time the complaint was filed. *See, e.g.*, *Green v. Rucker*, 2013 WL 3096089 at *1 n. 2 and accompanying text (N.D. Tex. Jun. 20, 2013). As Spurlock was still an inmate in the custody of the Bureau of Prisons when he initiated this suit, his complaint is subject to screening under § 1915A.

993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.") In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted). Thus Spurlock should amend his complaint to provide:

(1) a description of what **each named defendant** did to violate his rights;

(2) the place and date that each event occurred;

(3) the manner in which he believes the medical records at issue to believe incomplete and/or altered, and the basis for this belief;

(4) a description of all alleged injuries sustained as a result of the alleged violation(s). This description should provide sufficient detail to enable the court to determine the seriousness of the injury, if any, he alleges he sustained;

(5) for what damages does he seek the requested award of monetary damages (e.g. Spurlock should explain to the court, in his own words, the basis for which he seeks the damages).

### D. Theories of the Complaint

#### 1. *Access to the Courts*

As stated above, Spurlock must show a violation of a constitutional right in order to state a claim for relief under *Bivens*. Accordingly, his complaint regarding the alteration of medical records is best construed as an access to the courts claim. "Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (quotations omitted). To sufficiently plead such a claim, a plaintiff must show that his position as a litigant was prejudiced as a result of the alleged denial. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). Accordingly, Spurlock should identify how the denial of these records prevented him from filing suit or otherwise impacted his position as a litigant.

#### 2. *Supervisory Liability*

Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, have failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 Fed. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002).

Spurlock has not alleged any personal involvement on the part of Warden Clay or Health Services Administrator Johnson, and it appears they are named only in a supervisory capacity. Accordingly, Spurlock should amend his complaint to identify whether their actions amount to the

constitutional deprivations described above. Otherwise, these defendants must be dismissed from the suit.

### 3. *Other Defendants*

Spurlock also names as defendants: Aaron Jones, Manny Thomas, Joel Alexander, Heather Howard, and S. Reed, all of whom he identifies as FCIO employees. However, he does not allege any wrongdoing by these individuals. He should amend his complaint to explain how they were involved in the claims raised in this action. Otherwise, these defendants must be dismissed from the suit.

### 4. *Statute of Limitations*

Because there is no federal statute of limitations for a *Bivens* action, federal courts apply the forum state's limitations period for personal injury claims. *Rankin v. United States*, 556 Fed. App'x 305, 310 (5th Cir. 2014) (citing *Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010)). In Louisiana, such claims are subject to a one year prescriptive period. La. Civ. Code art. 3492. The date when a *Bivens* action accrues is determined by federal law and runs from the time "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Adrian v. Selbe*, 364 Fed. App'x 934, 937 (5th Cir. 2010) (quoting *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589–90 (5th Cir. 1999)). The statute of limitations is tolled, however, while a prisoner exhausts his administrative remedies, as required under 42 U.S.C. § 1997e. *Starks v. Hollier*, 295 Fed. App'x 664, 665 (5th Cir. 2008).

As noted above, Spurlock is complaining that he is being denied complete and unaltered records relating to an illness in January and February 2014, though he does not state when he discovered the alleged alteration of his records. His exhibits show that he was seeking

administrative review from December 2014 through December 2015 or January 2016.[2] Doc. 1, att. 1. However, this action was not filed until February 15, 2017. Doc. 1. Accordingly, despite being entitled to at least a year of tolling for his administrative review, Spurlock's complaint is still potentially time-barred. He should therefore amend his complaint to allege 1) the date he discovered the alteration of his records, or any other date on which he believes his claims would accrue, and 2) any additional basis for statutory or equitable tolling of the limitations period.

### 5. *Punitive Damages*

Under Fifth Circuit precedent, punitive damages may only be awarded to a civil rights plaintiff "when the defendant's conduct is motivated by evil intent *or* demonstrates reckless or callous indifference to a person's constitutional rights." *Boyd v. Driver*, 495 Fed. App'x 518, 524 (5th Cir. 2012) (quoting *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003)) (emphasis in original). Here Spurlock requests one million dollars in "punitive **and** actual damages" from all defendants. Doc. 1, p. 4. He should clarify the amount sought in punitive damages and how the conduct alleged here satisfies this circuit's requirements for an award of punitive damages in a civil rights case.

### III.
### CONCLUSION

Spurlock's pro se complaint is deficient in a number of respects as described above. Before this court determines the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies of his complaint or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

---

[2] According to Spurlock's attachments, an attorney wrote to the BOP on his behalf on December 14, 2015, seeking to compel a response to his final administrative appeal. Doc. 1, att. 1, p. 15. In that letter she stated that she would file suit for redress of Spurlock's claims if no response to that final appeal was received by January 30. *Id.*

**THE CLERK IS DIRECTED** to mail a copy of this order to Spurlock at his last address on file.

**IT IS ORDERED** that Spurlock amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915A or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Failure to cure deficiencies as outlined above will also result in a recommendation that claims be dismissed as frivolous under § 1915A.

Spurlock is further required to notify the court of any change in his address under LR 41.3. Failure to comply will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE