# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN THOMAS SPURLOCK** | : | **DOCKET NO. 17-cv-277** |
| **B.O.P. # 17866-045** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **AARON JONES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se civil rights complaint filed by John Thomas Spurlock. At the time he filed this suit, Spurlock was an inmate in the custody of the Bureau of Prisons ("BOP"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

Spurlock filed suit in this court on or about February 15, 2017. Doc. 1. He was ordered to amend the complaint within thirty days, by memorandum order dated December 28, 2017, at which time his address reflected that he had been released from BOP custody. Doc. 6. The court did not receive a response and issued a report and recommendation on March 19, 2018, recommending that his case be dismissed. Doc. 7. However, Spurlock thereafter filed a motion for extension in another case in which he revealed that he had been returned to BOP custody. *Spurlock v. United States*, No. 2:16-cv-1136, doc. 22 (W.D. La.). Accordingly, Judge Robert G. James rejected the undersigned's report and recommendation on June 14, 2018, and gave Spurlock an additional 30 days to comply with the previous memorandum order [doc. 6] filed in this case. Doc. 10. That deadline has passed and the court has not received the required response or any other communication from Spurlock.

-2-

A district court may dismiss an action based on the plaintiff's failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 82 S.Ct. 1386, 1388–89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 1388.

Here Spurlock once again failed to respond to the court's amend order, and his time for complying elapsed a months ago. Accordingly, **IT IS RECOMMENDED** that Spurlock's petition be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 30th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE